[No. B116969. Second Dist., Div. Three. June 28, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY JOSEPH MARTINEZ et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published are the first four paragraphs of the opinion, part 8 of the Discussion and the Disposition.

---

### COUNSEL

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant Anthony Joseph Martinez.

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant Jose Luis Salazar.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

---

### OPINION

**KLEIN, P. J.**—Defendant and appellant, Anthony Joseph Martinez, appeals from the judgment entered following his conviction, by jury trial, for special circumstance first degree murder (by means of discharging a firearm from a motor vehicle), five counts of attempted premeditated murder, and assault on a peace officer, with enhancements for principal armed, firearm use, inflicting death by discharging a firearm from a vehicle, and prior prison terms (Pen. Code, §§ 187/190, subd. (a)(21), 664/187, 245, subd. (c), 12022,

12022.5, 12022.55, 667.5).[1] Defendant and appellant, Jose Luis Salazar, appeals from the judgment entered following his conviction, by jury trial, for second degree murder and five counts of attempted premeditated murder, with a principal armed enhancement (§§ 187, 664/187, 12022). Martinez was sentenced to a prison term of life without the possibility of parole, plus 20 years to life. Salazar was sentenced to a prison term of 17 years to life plus life.

Defendants contend: the special circumstance for discharging a firearm from a vehicle is unconstitutional; there was insufficient evidence to support the attempted premeditated murder convictions; the jury instructions defining attempted murder were defective; the trial court erred by excluding relevant defense evidence; application of the enhancement for discharging a firearm from a vehicle (§ 12022.55) was prohibited by section 654; the trial court erred by imposing direct victim restitution; the abstract of judgment must be corrected.

The People contend the trial court erred by failing to impose a parole revocation fine, and by failing to impose state and county penalty assessments in connection with the imposition of direct victim restitution. The People also contend the abstracts of judgment must be corrected.

The judgment as to defendant Martinez is affirmed. The judgment as to defendant Salazar is affirmed as modified.

BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

1.-7.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

8. *Penalty assessments not required.*

 The People contend the trial court erred by failing to impose state and county penalty assessments, in the amount of $45,900, against defendant Salazar in connection with the award of direct restitution pursuant to section 1464 and Government Code section 76000. We disagree.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.
*See footnote, *ante,* page 265.

Section 1464 provides that "there shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed *and collected by the courts* for criminal offenses . . . ." (Italics added.) Likewise, Government Code section 76000 provides that "[i]n each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed *and collected by the courts* for criminal offenses . . . ." (Italics added.)

However, as the restitution statute makes clear, direct victim restitution is not "collected by the court." At the time of Salazar's conviction, section 1202.4 provided, in pertinent part: "(a)(1) It is the intent of the Legislature that *a victim of crime who incurs any economic loss* as a result of the commission of a crime *shall receive restitution directly from any defendant* convicted of that crime. [¶] . . . [¶] (3) The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay . . . the following: [¶] . . . [¶] (B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment pursuant to Section 1214." (Italics added.) Subdivision (f) provides: "In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that *the defendant make restitution to the victim or victims* in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Italics added.)

Therefore, the trial court did not err by failing to impose state and county penalty assessments in connection with the direct victim restitution order.

9. *Correct abstract of judgment.**

. . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment as to defendant Martinez is affirmed. The judgment as to defendant Salazar is modified to impose a $200 parole revocation fine, to remain suspended unless and until Salazar violates parole. The judgment as to Salazar is affirmed as modified. The abstracts of judgment for both

---

*See footnote, *ante,* page 265.

defendants shall be modified in accordance with this opinion. The clerk of the superior court is ordered to prepare corrected abstracts of judgment that will be forwarded to the Department of Corrections.

Croskey, J., and Kitching, J., concurred.

The petitions of both respondent and appellants for review by the Supreme Court were denied October 20, 1999. Kennard, J., was of the opinion that the petitions should be granted.