[No. C031985. Third Dist. Apr. 30, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
LINDA ANNE ALLEN, Defendant and Appellant.

988

George Bond and Deborah Prucha, under appointments by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Susan J. Orton and Charles Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KOLKEY, J.**—In this appeal, we consider whether the fine described under Penal Code section 1202.4, subdivision (a)(2),[1] which is to be "in the form of a penalty assessment in accordance with Section 1464," requires an underlying fine upon which it can be assessed.

Defendant Linda Anne Allen pleaded no contest to one count of burglary.[2] Sentenced to the upper term of six years, she was also ordered to pay (1) a $2,000 restitution fine pursuant to section 1202.4, subdivision (b); (2) a $2,000 parole revocation fine pursuant to section 1202.45, which was suspended in accordance with the provisions of that section; and (3) another $2,000 "fine in the form of a penalty assessment" pursuant to section 1202.4, subdivision (a)(2).

On appeal, defendant challenges as unauthorized the $2,000 fine in the form of a penalty assessment pursuant to section 1202.4, subdivision (a)(2). We conclude that a fine "in the form of a penalty assessment" under subdivision (a)(2)[3] requires an underlying fine·upon which the penalty can be assessed. No such underlying fine was imposed in this case: The two other fines imposed are not subject to penalty assessments. (See § 1202.4, subd. (e).) Accordingly, we shall modify the judgment by striking that fine. However, because we further conclude that the trial court could have

---

[1]Unless otherwise designated, all further statutory references are to the Penal Code.
[2]Section 459.
[3]All undesignated references to subdivisions are to subdivisions of section 1202.4.

imposed a like fine under section 672, which, in turn, is subject to a penalty assessment, we shall remand the matter to the trial court to allow it to determine whether to impose such a fine, plus penalty assessments, in an amount not to exceed $2,000.

Discussion

## I. *The Challenge to the Fine Under Subdivision (a)(2)*

### A. *The Applicable Statutes*

Section 1202.4 is one of the statutes that implement Proposition 8, passed by the voters in 1982, which establishes, among other things, a constitutional right for every crime victim "who suffer[s] losses as a result of criminal activity" to obtain "restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b); *People v. Broussard* (1993) 5 Cal.4th 1067, 1072-1075 [22 Cal.Rptr.2d 278, 856 P.2d 1134]; Stats. 1983, ch. 1092, §§ 135.2, 320.1, pp. 3998, 4058; Stats. 1994, ch. 1106, § 3.)

At the time of the offense in this case, section 1202.4, as amended,[4] provided in pertinent part:

"(a)(1) It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime.

"(2) Upon a person being convicted of any crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464.

"(3) The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following:

"(A) A restitution fine in accordance with subdivision (b).[5]

---

[4]Section 1202.4 was subsequently amended in 1998, 1999, and 2000, but those amendments do not affect the quoted provisions here. (Stats. 1998, ch. 201, § 1; Stats. 1998, ch. 587, § 6.5; Stats. 1999, ch. 584, § 4; Stats. 2000, ch. 1016, § 9.5.)

[5]Subdivision (b) of section 1202.4 specifies the restitution fine referred to in subdivision (a)(3)(A) as follows:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not

"(B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment . . . . [¶] . . . [¶]

"(e) The restitution fine shall not be subject to penalty assessments as provided in Section 1464, and shall be deposited in the Restitution Fund in the State Treasury."

Accordingly, section 1202.4 contemplates three different assessments: (1) a "fine in the form of a penalty assessment in accordance with Section 1464" (subd. (a)(2)); (2) a "restitution fine in accordance with subdivision (b)" (subd. (a)(3)(A)); and (3) restitution to the victim(s) (subds. (a)(1), (a)(3)(B), (f)).

### B. *The Statutory Construction of Subdivision (a)(2)*

■ Defendant challenges the trial court's imposition of the $2,000 "fine in the form of a penalty assessment" pursuant to subdivision (a)(2). She argues that subdivision (a)(2) "does not authorize an independent monetary penalty . . . ," and that there must be an underlying "fine, penalty or forfeiture" before a penalty assessment may be imposed pursuant to that subdivision. In this case, she argues, there is no underlying fine that could be subject to a penalty assessment.

The Attorney General contends, on the other hand, that the Legislature intended that subdivision (a)(2) establish a "freestanding fine."

The parties have identified no judicial authority which decides the issue, and we have found none.

### 1. *The Statutory Language*

■ "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218];

more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor.

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

accord, *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) We give the words of the statute their ordinary meaning. (*People v. Birkett* (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912].) "Indeed, the most powerful safeguard for the courts' adherence to their constitutional role of construing, rather than writing, statutes is to rely on the statute's plain language." (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 46 [100 Cal.Rptr.2d 627].) Accordingly, "[w]e must follow the statute's plain meaning, if such appears, unless doing so would lead to absurd results the Legislature could not have intended." (*People v. Birkett, supra,* 21 Cal.4th at p. 231.)

█ Subdivision (a)(2) provides that "the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464."

A penalty assessment "in accordance with Section 1464" is levied on an underlying fine. Section 1464 provides: "Subject to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, there shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses, except parking offenses . . . ." (§ 1464, subd. (a).) Thus, "a fine in the form of a penalty assessment" cannot be "in accordance with section 1464" unless there is another fine upon which it is levied.[6]

The Attorney General's assertion that subdivision (a)(2) establishes a "freestanding fine," without regard to an underlying fine, cannot be reconciled with the plain language of subdivision (a)(2). Simply put, a freestanding fine "in the form of a penalty assessment" cannot be "in accordance with Section 1464," absent an underlying fine upon which the penalty assessment is levied.

Moreover, without an underlying fine to anchor it, a freestanding "penalty assessment" would be without limit. This contrasts with the other two restitution assessments authorized under section 1202.4: The restitution fine

---

[6]Government Code section 76000, which is referenced in Penal Code section 1464, assesses an analogous county penalty. It provides in pertinent part: "In each county there shall be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amount established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Gov. Code, § 76000, subd. (a).)

Together, Penal Code section 1464 and Government Code section 76000 provide for an assessment of 170 percent on the amount of any fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses.

under subdivision (b) may not be more than $10,000 if the person is convicted of a felony, and not more than $1,000 if the person is convicted of a misdemeanor. (See fn. 5, *ante.*) Likewise, victim restitution—authorized under subdivision (f)—also has parameters. It must be of "a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).)

Accordingly, the Attorney General's interpretation of subdivision (a)(2) not only requires us to ignore its plain language, but would grant the trial court unfettered discretion to impose a third assessment of unlimited amount—an interpretation that would negate the parameters placed on the other two assessments: the restitution fine and the victim restitution. Indeed, the carefully delineated limit on the restitution fine authorized under subdivision (b)—which under subdivision (e) is to be deposited in the Restitution Fund for compensating crime victims—would be effectively circumvented if the fine under subdivision (a)(2)—a portion of which also goes to the Restitution Fund (§ 1464, subd. (f)(2))—could be of whatever size the constitution and court permit.

The Attorney General nonetheless argues that "[u]nder [defendant's] interpretation, the fine authorized by section 1202.4 is the same derivative penalty assessment (surcharge) authorized by section 1464. . . . Thus construed by the [defendant], section 1202.4, subdivision (a)(2) is both redundant and inartful."

We need not reach the issue whether subdivision (a)(2) is redundant, that is, whether it authorizes the same penalty assessment already authorized by section 1464. Today, all we need decide is whether subdivision (a)(2) requires that there be an underlying fine, regardless of whether the penalty assessed under subdivision (a)(2) is separate from that required under section 1464. And the plain language of subdivision (a)(2) compels a conclusion that "a fine in the form of a penalty assessment in accordance with Section 1464" requires an underlying fine, penalty, or forfeiture upon which the assessment can be based.

In this case, there was no other fine upon which the penalty assessment could be levied because the only other fines imposed—a restitution fine under subdivision (b) and a parole revocation fine under section 1202.45—are not subject to penalty assessments. (See *People v. McHenry* (2000) 77 Cal.App.4th 730, 732 [91 Cal.Rptr.2d 877].) Subdivision (e) of section

1202.4 expressly bars penalty assessments on restitution fines: "The restitution fine shall not be subject to penalty assessments as provided in Section 1464 . . . ."[7]

 And a penalty assessment cannot be imposed on a parole revocation fine under section 1202.45 for several reasons. Section 1202.45 provides that "[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked." Since the parole revocation fine, by statute, is suspended pending successful completion of parole, and section 1464 only levies a penalty assessment upon every fine, penalty, or forfeiture "imposed and *collected* by the courts . . . ." (italics added), a penalty assessment cannot be imposed on a suspended fine because it is not collected. (Cf. *People v. Martinez* (1999) 73 Cal.App.4th 265, 267-268 [86 Cal.Rptr.2d 346].) Moreover, since the parole revocation fine under section 1202.45 is described as an "additional restitution fine in the same amount as that imposed pursuant to subdivision (b)," it would be inconsistent with the statutory framework to conclude that while a penalty assessment cannot be imposed on a restitution fine under subdivision (b), it can be imposed on a fine that is contingent upon the imposition of that restitution fine.[8]

 Accordingly, the plain language of subdivision (a)(2) that the fine thereunder shall be "in the form of a penalty assessment in accordance with Section 1464" constrains us from speculating, as the Attorney General suggests we do, that the Legislature intended to establish a fine that is not assessed in accordance with the requirements of section 1464. Failure to adhere to the statute's plain language in favor of *speculation* as to the Legislature's presumed statutory policy would unconstitutionally shift this court from adjudicator to policymaker. (See *Seaboard Acceptance Corp. v. Shay* (1931) 214 Cal. 361, 365 [5 P.2d 882] ["[t]his court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used."].)

---

[7]See page 990, *ante,* for the full text of subdivision (e).

[8]Nor can any victim restitution ordered under subdivision (f) of section 1202.4 be deemed an underlying fine for purposes of a penalty assessment. Subsequent case law has concluded that "penalty assessments may not be imposed on a direct victim restitution award." (*People v. Dorsey* (1999) 75 Cal.App.4th 729, 731 [89 Cal.Rptr.2d 498]; accord, *People v. Martinez, supra,* 73 Cal.App.4th at pp. 267-268.) In any event, no direct victim restitution was ordered under subdivision (f) in this case.

## 2. *Legislative History*

While we need not decide in this case whether subdivision (a)(2) authorizes a penalty assessment separate from section 1464, we acknowledge that such a prospect can be argued to create a limited ambiguity in the interpretation of the provision. ■ "To the extent that uncertainty remains in interpreting statutory language, . . . both legislative history and the 'wider historical circumstances' of the enactment may be considered. [Citation.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 782-783 [55 Cal.Rptr.2d 117, 919 P.2d 731]; accord, *People v. Birkett, supra,* 21 Cal.4th at p. 231.) The legislative history of subdivision (a)(2) further supports our interpretation.

The language in subdivision (a)(2) was originally part of an amendment to former Government Code section 13967, which amendment the Legislature had enacted in 1983 to implement Proposition 8, which (as mentioned) granted crime victims a right to restitution. (See *People v. Broussard, supra,* 5 Cal.4th at p. 1073.)[9] Assembly Bill No. 1485 amended former Government Code section 13967 to provide for the imposition, upon conviction, of "a restitution fine in the form of a penalty assessment in accordance with Section 1464 of the Penal Code,"[10] and amended section 1464 to increase the penalty assessment on every fine, penalty, or forfeiture from $4 to $5 for every $10 fined.[11] The bill also created a Restitution Fund by dividing the then existing Indemnity Fund into separate funds,[12] and allocated the additional dollar that was mandated to the newly named Restitution Fund, which would afford compensation to crime victims.[13] The same bill also expanded and strengthened a separate, existing fine that former Government Code 13967 had imposed on those convicted of a crime of violence where the defendant had an ability to pay: It recharacterized it as a restitution fine; increased the amount of the minimum fine; made it mandatory (with one exception); and imposed the fine on any person convicted of one or more

---

[9]The language concerning the *1983* amendment to former Government Code section 13967, quoted by the Supreme Court in *People v. Broussard, supra,* 5 Cal.4th at page 1073, actually refers to a *1984* amendment. The 1983 amendment to former Government Code section 13967 provided for payment of "a restitution fine in the form of a penalty assessment in accordance with Section 1464 of the Penal Code." (Stats. 1983, ch. 1092, § 135.2, p. 3998.) The word "fine" was deleted the following year so that the section read "restitution in the form of a penalty assessment," as quoted in *People v. Broussard, supra,* 5 Cal.4th at page 1073. (Stats. 1984, ch. 1340, § 1, p. 4722.)

[10]Statutes 1983, chapter 1092, section 135.2, page 3998.

[11]Statutes 1983, chapter 1092, section 322, pages 4058-4059.

[12]Statutes 1983, chapter 1092, section 322, page 4060.

[13]Statutes 1983, chapter 1092, section 322, page 4060; see Senate Committee on Judiciary, Report on Assembly Bill No. 1485 (1983-1984 Reg. Sess.) as amended July 1, 1983, page 4.

felony offenses.[14] And it added section 1202.4 to the Penal Code, which made reference to the foregoing restitution fine, providing that where a defendant is convicted of a felony, "the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code."[15]

The committee and caucus reports for Assembly Bill No. 1485 support our interpretation that the phrase, "fine in the form of a penalty assessment in accordance with Section 1464 . . . ," requires an underlying fine upon which it can be levied.[16] As explained in the Senate Judiciary Committee report on Assembly Bill No. 1485, the bill added a $1 penalty assessment to the $4 already imposed by section 1464 on every $10 in fines imposed on, and collected from, a defendant.[17] The report stated: "The basic restitution fine would be in the form of a penalty assessment of an additional dollar for every ten dollars, or fraction thereof, upon every fine, penalty, or forfeiture imposed by the courts for any criminal offense except for Vehicle Code offenses . . . ."[18] Enrolled bill reports reflect the same understanding.[19]

Over time, the amount of the penalty assessment to be levied on every $10 imposed and collected in fines, penalties, or forfeitures increased until it reached $10 for every $10 that was fined.[20]

In 1994, the Legislature removed the language concerning restitution fines and victim restitution in Government Code section 13967 and amended it into Penal Code section 1202.4.[21] The Legislative Counsel's Digest for Assembly Bill No. 3169, which amended section 1202.4, stated that the bill would "(a) recharacterize 'restitution in the form of a penalty assessment' as

---

[14]Statutes 1983, chapter 1092, section 135.2, page 3998.

[15]Statutes 1983, chapter 1092, section 320.1, page 4058.

[16]E.g., Senate Committee on Judiciary, Report on Assembly Bill No. 1485, *supra*, page 2; Senate Republican Caucus, Report on Assembly Bill No. 1485 (1983-1984 Reg. Sess.) as amended August 23, 1983, page 1; Senate Democratic Caucus, Report on Assembly Bill No. 1485 (1983-1984) as amended August 26, 1983, cited in 70 Cal.Atty.Gen. 172, 176 (1987).

[17]Senate Committee on Judiciary, Report on Assembly Bill No. 1485, *supra*, at pages 1-4.

[18]Senate Committee on Judiciary, Report on Assembly Bill No. 1485, *supra*, at page 2.

[19]E.g., California Youth and Adult Correctional Agency, Enrolled Bill Report on Assembly Bill No. 1485 (1983-1984 Reg. Sess.) September 20, 1983, page 1; California State and Consumer Services Agency, Enrolled Bill Report on Assembly Bill No. 1485 (1983-1984) September 19, 1983, page 3. While enrolled bill reports prepared by the executive branch for the Governor do not necessarily demonstrate the Legislature's intent (*People v. Patterson* (1999) 72 Cal.App.4th 438, 444 [84 Cal.Rptr.2d 870]), they can *corroborate* the Legislature's intent, as reflected in legislative reports, by reflecting a contemporaneous common understanding shared by participants in the legislative process from both the executive and legislative branches.

[20]Statutes 1991, chapter 90, section 60, pages 451-453, effective June 30, 1991.

[21]Statutes 1994, chapter 1106, sections 2, 3, pages 6548-6550.

a 'fine in the form of a penalty assessment' and (b) consolidate within these provisions related provisions regarding payment of a restitution fine."[22]

Accordingly, the legislative history supports our interpretation that the "fine in the form of a penalty assessment" under subdivision (a)(2) requires an underlying fine upon which it can be levied, since it simply carries over the intent underlying the similar language in former Government Code section 13967. And the legislative history also suggests that the provision's inclusion in subdivision (a)(2) was simply meant to consolidate into one statute the provisions relating to restitution fines—an inclusion which is reasonable, since a portion of a "fine in the form of a penalty assessment in accordance with Section 1464" must go to the restitution fund.[23]

### 3. *Analogous Interpretations*

In addition to the plain language of subdivision (a)(2) and the legislative history, interpretations of analogous statutory provisions support our conclusion that subdivision (a)(2) should be construed to require an underlying fine. It is appropriate to review decisions construing analogous statutory provisions where the statute at issue was derived from those provisions or adopted at the same time as the analogous provisions. (See *People v. Heitzman* (1994) 9 Cal.4th 189, 204-205 [37 Cal.Rptr.2d 236, 886 P.2d 1229]; *Sechrist v. Municipal Court* (1976) 64 Cal.App.3d 737, 745 [134 Cal.Rptr. 733].)

### a. *Former Government Code section 13967*

Since the language in subdivision (a)(2) was derived from former Government Code section 13967, we may look to the interpretation of that language when it was part of that former section. (See *People v. Heitzman, supra,* 9 Cal.4th at pp. 204-205.)

In a formal opinion, the Attorney General construed that language to require an underlying fine. (70 Ops.Cal.Atty.Gen., *supra,* 172.) At the time, former Government Code section 13967 provided for the payment of "restitution in the form of a penalty assessment in accordance with Section 1464." (70 Ops.Cal.Atty.Gen., at p. 174.) The Attorney General concluded: "As the legislative history of AB 1485, quoted above, indicates[,] the penalty assessment is to be added to 'every fine, penalty, or forfeiture imposed by

---

[22]Legislative Counsel's Digest of Assembly Bill No. 3169 (5 Stats, 1993-1994 (Reg. Sess.) Summary Dig. p. 448).

[23]Section 1464, subdivisions (e) and (f)(2); *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [77 Cal.Rptr.2d 492]; *People v. Fritchey* (1992) 2 Cal.App.4th 829, 839 [3 Cal.Rptr.2d 585].

the courts for any criminal offense except for Vehicle Code offenses . . . .' Thus, the penalty assessment was intended to be added only in the cases of those convicted of crime where the court imposed a 'fine, penalty or forfeiture' and not then if the crime was a Vehicle Code offense . . . . We conclude that the restitution in the form of a penalty assessment required by [former] Government Code section 13967 is to be imposed in only those criminal cases in which a 'fine, penalty or forfeiture' is imposed upon a conviction under . . . section 1464 . . . ." (*Id.* at p. 177.)[24]

b. *Welfare and Institutions Code section 730.6*

Further support for our construction can be found in the interpretation of an analogous statute, governing the imposition of a restitution fine in the form of a penalty assessment upon juvenile offenders, which was also enacted in 1983[25]—the same year in which the language for subdivision (a)(2) was originated.

In *In re Steven F.* (1994) 21 Cal.App.4th 1070 [26 Cal.Rptr.2d 604] (*Steven F.*), the Court of Appeal construed former Welfare and Institutions Code section 730.6, which provided in part:

"(a) When a minor is found to be a person described in Section 602, in addition to any other disposition authorized by law, the court shall levy a restitution fine which shall be deposited in the Restitution Fund, the proceeds of which shall be distributed pursuant to . . . Section 13967 of the Government Code.

"(b) *The restitution fine imposed pursuant to this section shall be in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. . . .*" (Italics added.)

In construing the "restitution fine" to be imposed "in the form of a penalty assessment in accordance with Section 1464" under subdivision (b) of former Welfare and Institutions Code section 730.6, the Court of Appeal concluded that in order to calculate it, there must be an underlying fine, which in that case was found in a separate statute, Welfare and Institutions

---

[24]The Attorney General was also asked "whether the first sentence of [former] Government Code section 13967(a) requires the imposition of a pecuniary penalty in addition to the one required by . . . section 1464" and concluded that the exaction was a "part of the assessment required by Penal Code section 1464 and not an addition to it." (70 Ops.Cal.Atty.Gen., *supra*, at p. 175.)

[25]Statutes 1983, chapter 940, section 4, pages 3396-3397.

Code section 730.5: "[T]here must first be a fine imposed pursuant to section 730.5 [of the Welfare and Institutions Code], which provides: 'When a minor is adjudged a ward of the court on the ground that he or she is a person described in Section 602, in addition to any of the orders authorized [by other code sections], the court may levy a fine against the minor up to the amount that could be imposed on an adult for the same offense, if the court finds that the minor has the financial ability to pay the fine. Section 1464 of the Penal Code applies to fines levied pursuant to this section.' *It necessarily follows that before the mandate of subdivision (a) of section 730.6 requiring the imposition of a 'restitution fine' can become effective, a 'fine' must first be imposed under section 730.5.*" (*Steven F., supra*, 21 Cal.App.4th at p. 1078, italics added.) The court later confirmed that "[i]n the event a 'fine' is not imposed under section 730.5, no 'restitution fine' can be imposed under subdivision (a) of section 730.6." (*Id.* at pp. 1078-1079.)[26]

 Accordingly, we conclude that based on the plain language of the statute, its legislative history, and analogous statutory interpretations, a "fine in the form of a penalty assessment" under subdivision (a)(2) requires an underlying fine, penalty, or forfeiture, upon which the penalty assessment can be levied. As a result, the trial court's imposition of a $2,000 "fine in the form of a penalty assessment" pursuant to subdivision (a)(2) was unauthorized because there was no underlying fine upon which it could be levied. ██ ██ It must therefore be stricken.[27]

## II

## *Section 672*

The foregoing discussion does not end our inquiry, however.

As the Attorney General correctly points out, the trial court had discretion to impose a fine of up to $10,000 pursuant to section 672.

---

[26]However, the court construed the restitution fine "in the form of a penalty assessment" to be additional to the penalty assessment imposed directly under section 1464. (*Steven F., supra*, 21 Cal.App.4th at p. 1078 ["Giving effect to the plain language of [Welfare and Institutions Code] section 730.6, we conclude the Legislature intended a separate and additional restitution fine equal to the penalty assessment levied on the underlying fine . . ."].) As noted earlier, we need not reach that issue here.

[27]Although defendant failed to object to imposition of this fine at the time of sentencing, that failure did not waive the issue because the trial court exceeded its statutory authority in imposing it. "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case." (*Ibid.*)

Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

Thus, section 672 authorizes a fine for any crime "in relation to which no fine is herein prescribed." No fine is prescribed for burglary. (See § 461.) Accordingly, although the trial court was not authorized to impose an additional $2,000 fine under subdivision (a)(2), it could have lawfully imposed a fine pursuant to section 672 for the defendant's burglary conviction. (See *People v. Clark* (1992) 7 Cal.App.4th 1041, 1044-1046 [9 Cal.Rptr.2d 726].)

Although, generally, an order or judgment correct on any theory may be affirmed on appeal (*People v. Vera* (1997) 15 Cal.4th 269, 272 [62 Cal.Rptr.2d 754, 934 P.2d 1279]; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117] [a decision that is correct but for the wrong reason is not to be disturbed on appeal]), we cannot determine whether the trial court would have exercised its discretion to impose a $2,000 fine, including penalty assessments, under section 672, had it known that it could not impose the fine under subdivision (a)(2). Accordingly, we shall remand the matter to the trial court to consider the amount of the fine, if any, to be imposed under section 672.

Of course, the exercise of that discretion must be limited to the imposition of a fine, plus penalty assessments, not to exceed $2,000, since a greater fine would violate California's constitutional prohibition against double jeopardy. (*People v. Hanson* (2000) 23 Cal.4th 355 [97 Cal.Rptr.2d 58, 1 P.3d 650] [The imposition of a higher restitution fine on resentencing violates California's constitutional prohibition against double jeopardy]; cf. *People v. Calderon* (1993) 20 Cal.App.4th 82, 89 [26 Cal.Rptr.2d 31] [no double jeopardy violation in resentencing defendant to exactly the same term after a successful appeal].)

DISPOSITION

The judgment is modified by striking the $2,000 "fine in the form of a penalty assessment" pursuant to section 1202.4, subdivision (a)(2), and the

matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

Nicholson, Acting P. J., and Callahan, J., concurred.

A petition for a rehearing was denied May 29, 2001.