Filed 3/21/14  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065797 |
| v. | (Super. Ct. No. MCR041799) |
| GREGORY GARCIA, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Franson, J., and Peña, J.

A jury convicted appellant, Gregory Garcia, of robbery (count 1/Pen. Code, § 211),[1] and possession of a firearm by a felon (§ 12021, subd. (a)(1)). The jury also found true a personal use of a firearm enhancement in count 1 (§ 12022.53, subd. (b)). In a separate proceeding, the court found true five prior prison term enhancements (§ 667.5, subd. (b)).

On September 11, 2012, the court sentenced Garcia to an aggregate term of 20 years eight months, the upper term of five years on his robbery conviction, a 10-year use enhancement in that count, a consecutive eight-month term on Garcia's possession of a firearm conviction, and five one-year prior prison term enhancements.

On appeal, Garcia contends the evidence is insufficient to sustain the court's true findings with respect to two of the prior prison term enhancements, and 2) the court imposed an unauthorized fine of $870 that must be stricken. Respondent contends the court erred by its failure to impose certain mandatory assessments. We will find merit only to respondent's contention.

## FACTS[2]

On August 23, 2011, Garcia entered the Flores Market in Madera and robbed the owner's daughter of $150 at gunpoint.

The following day, the daughter had her husband call 911 after seeing Garcia in the parking lot of a store in Madera in a truck that resembled the one used in the robbery. Sheriff's deputies detained Garcia and during an ensuing search of the truck, found a loaded revolver under the center cushion of the truck's bench seat.

---

**1**      All further statutory references are to the Penal Code, unless otherwise indicated.

**2**      The facts pertaining to Garcia's offenses are abbreviated because they are not germane to the issues he raises.

## DISCUSSION

### *The Sufficiency of the Evidence Issue*

One of Garcia's prior prison term enhancements was based on his February 2, 1988, conviction in San Bernardino County Superior Court case No. SCR44609 for receiving stolen property in violation of section 496. A second enhancement was based on his June 24, 1992, conviction in San Bernardino County Superior Court case No. SCR51512 for possession of a controlled substance in violation of Health and Safety Code section 11370.1, subdivision (a). In order to prove these enhancements, the prosecutor introduced certified copies of fingerprint cards from the Department of Corrections and Rehabilitation (CDCR) for a Gregory Garcia with a birth date of June 5, 1958. One card referenced Garcia's offense as "SBDNO CR-44609A, ... Ct.1A, RSP ... [¶] … [¶] (496 PC) [¶] Ct. 1B, FAIL TO APPEAR (1320(b)PC)." It also indicated that Garcia had been sentenced to a term of two years eight months and that Garcia was received at "RCC/CIM" on March 10, 1988. The second card referenced Garcia's offense as "SCR51512 ..., POSS CS W/FA (11370.1(a) H&S)." It also indicated that Garcia had been sentenced to a three-year term and that Garcia was received at "RCC CIM" on June 24, 1992.

Garcia cites *People v. Williams* (1996) 50 Cal.App.4th 1405 (*Williams*) and *People v. Miles* (2008) 43 Cal.4th 1074 (*Miles*) to contend that a "fingerprint card, standing alone, is insufficient evidence that a defendant has suffered a particular prior conviction." Thus, according to Garcia, the evidence is insufficient to prove he suffered the two convictions alluded to above. We disagree.

"Imposition of a sentence enhancement under ... section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563.) "The

3

definition of substantial evidence in a criminal case is a familiar one.  It is 'evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'  [Citations.]  [¶]  *A trier of fact is entitled to draw reasonable inferences from certified records offered to prove a defendant suffered a prior conviction and served a prison term.*  [Citation.]"  (*Williams*, *supra*, 50 Cal.App.4th at p. 1413, italics added.)

Here, the court could reasonably find from the information on one fingerprint card that in San Bernardino County Superior Court case No. SCR44609, Garcia was convicted of receiving stolen property in violation of section 496, and failed to appear in violation of section 1320, subdivision (b), that he was sentenced to an aggregate prison term of two years eight months, and that he was received by the CDCR on March 10, 1988, to begin serving that term.[3]  From the other card, the court could reasonably find that in San Bernardino County Superior Court case No. SCR51512, Garcia was convicted of possession of a controlled substance in violation of Health and Safety Code section 11370.1, subdivision (a), that he was sentenced to a three-year prison term, and that he was received by the CDCR on June 24, 1992, to begin serving that term.

*Miles* and *Williams* are inapposite.  In each of those cases, the court found that information in a certified copy of a fingerprint card was *insufficient to prove the nature of the defendant's conviction*, i.e., that the defendant's prior conviction qualified as a serious felony under California law.  (*Miles*, *supra*, 43 Cal.4th at pp. 1079, 1093-1094; *Williams*, *supra*, 50 Cal.App.4th at pp. 1413-1414.)  However, neither case held, as Garcia contends, that the fact of a prior conviction cannot be proved based only on information contained in a certified copy of a fingerprint card.  Accordingly, we reject Garcia's sufficiency of evidence claim.

---

**3**     The court erroneously stated that the date of Garcia's receiving stolen property conviction was February 2, 1998.

4

*The $870 Fine*

The probation department recommended that the court impose a base fine of $200 pursuant to section 211, which totaled $870 with assessments. At Garcia's sentencing hearing, the court followed the department's recommendation and imposed a total fine of $870 pursuant to section 211. Garcia contends this fine must be stricken because section 211 does not authorize a fine. He further contends that because the imposition of the fine and assessments constitutes an unauthorized sentence, this issue is cognizable on appeal even though he did not object in the trial court. Respondent contends that, pursuant to section 672, the court could have imposed the base $200 fine on Garcia's felon in possession of a firearm offense. Therefore, according to respondent, since the trial court had fundamental jurisdiction to impose the base fine, Garcia forfeited his right to challenge the fine on appeal by his failure to object in the trial court. We agree with respondent.

Generally, a sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing.... [¶] In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

Section 672, in pertinent part, provides:

"Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

Section 672 authorizes a fine for any crime "in relation to which no fine is herein prescribed." Since no fine is prescribed for felon in possession of a firearm (see § 12021), the trial court could have imposed the $200 fine on that conviction pursuant to

section 672. (Cf. *People v. Allen* (2001) 88 Cal.App.4th 986, 999 [although $2,000 fine not authorized by Penal Code section pursuant to which it was imposed, trial court could lawfully impose such fine pursuant to section 672].) Accordingly, we conclude the imposition of the $200 fine, which totaled $870 with assessments, was not an unauthorized sentence and Garcia forfeited his right to challenge this fine by his failure to object in the trial court.

### *The Mandatory Assessments*

Respondent contends the court erred by its failure to impose two mandatory $40 court security assessments pursuant to section 1465.8 and two $30 court-operations assessments pursuant to Government Code section 70373, subdivision (a)(1). Garcia concedes and we agree.

Section 1465.8 requires the court to impose a mandatory $40 court security assessment on every conviction for a criminal offense; Government Code section 70373, subdivision (a)(1) requires the trial court to impose a mandatory $30 assessment on every conviction for a criminal offense. Since Garcia was convicted of two offenses, the trial court erred when it imposed only one assessment pursuant to section 1465.8 and only one assessment pursuant to Government Code section 70373, subdivision (a)(1).

### DISPOSITION

The judgment is modified to include an additional $40 assessment pursuant to Penal Code section 1465.8 and an additional $30 assessment pursuant to Government Code section 70373, subdivision (a)(1). The trial court is directed to prepare an amended abstract of judgment that is consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

6