Filed 6/15/15  P. v. Cole CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077042 |
| v. | (Super. Ct. No. CR558981) |
| GEORGE LEE COLE, JR., | |
| Defendant and Appellant. | |

Defendant George Lee Cole, Jr., pleaded no contest to first degree burglary of an inhabited dwelling.  (Pen. Code, § 459 -- count 1.)[1]  The trial court sentenced him to six years in state prison and imposed various fines and fees, including a $200 base fine pursuant to section 672.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends the $200 base fine imposed pursuant to section 672 constitutes an unauthorized sentence because section 672 applies only when no other fine is prescribed, but here a fine for burglary is prescribed in section 1202.5.

We conclude section 1202.5 does not prescribe a fine for burglary. Rather, it prescribes a fine for various offenses (including burglary) "in addition to any other penalty or fine imposed." (§ 1202.5.) It does not supplant other fines, and the $200 base fine imposed by the trial court pursuant to section 672 is not an unauthorized sentence. We will affirm the judgment.

## DISCUSSION

Given the issue presented, it is not necessary to describe the underlying facts pertaining to defendant's offense.

Defendant contends the $200 fine imposed pursuant to section 672 constitutes an unauthorized sentence because section 672 applies only when no other fine is prescribed, but here a fine for burglary is prescribed in section 1202.5.

Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

"The language used in section 672 demonstrates that it was meant to provide a fine for offenses for which another statute did not impose a fine. In other words, this is a catchall provision allowing a fine to be imposed for every crime, even if the statute criminalizing the conduct did not specifically authorize a fine. The limiting provision was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304.)

2

Defendant pleaded no contest to a violation of section 459, first degree burglary of an inhabited dwelling.  Section 461 sets forth the punishment for burglary but does not prescribe a fine for burglary.  (§ 461; *People v. Allen* (2001) 88 Cal.App.4th 986, 999.)

Defendant argues section 1202.5 prescribes a fine for burglary, but in fact it prescribes a fine for various offenses (including burglary) "in addition to any other penalty or fine imposed."[2]  Section 1202.5 does not supplant other fines.  (*People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109.)  The $200 base fine imposed by the trial court pursuant to section 672 is not an unauthorized sentence.  (Cf. *People v. Clark* (1992) 7 Cal.App.4th 1041, 1045-1046 [Health & Saf. Code, § 11377 fines are supplemental, not "prescribed" fines, and they do not preclude imposition of fines under § 672].)

### DISPOSITION

The judgment is affirmed.


         MAURO         , J.


We concur:


     ROBIE       , Acting P. J.


     HOCH       , J.

---

[2]  The first sentence of section 1202.5, subdivision (a), provides:  "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."