Filed 12/11/15  P. v. Pena CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061908 |
| v. | (Super.Ct.No. RIF1400813) |
| THOMAS PACHECO PENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge.

Affirmed with directions.

Doris M. LeRoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Thomas Pacheco Pena of three counts of engaging in sexual intercourse with a child under the age of 10 (Pen. Code[1] § 288.7, subd. (a), counts 1-3); three counts of engaging in oral copulation or sexual penetration with a child under the age of 10 (*id.*, subd. (b), counts 4-6); and one count of possessing child pornography (§ 311.11, subd. (a), count 7.)

The trial court sentenced defendant to an indeterminate term of 122 years to life: 25 years to life on each of counts 1 through 3; 15 years to life on each of counts 4 through 6; and two years on count 7, all to run consecutively.

On appeal, defendant argues only that the trial court was not authorized to impose a $500 fine pursuant to section 288, subdivision (e).  We agree, and we order the trial court to strike the fine.

FACTUAL AND PROCEDURAL BACKGROUND

The substance of defendant's appeal does not require us to review the underlying facts.  It suffices to say that defendant, who was around 52 years old, videotaped himself engaging in sexual intercourse, receptive and insertive oral copulation, and digital penetration with his five-year-old niece.

At sentencing, the trial court imposed a $500 fine, payable to the division of adult institutions pursuant to section 288, subdivision (e).  Defendant did not object.

---

[1]  All further statutory references are to the Penal Code unless otherwise noted.

2

## DISCUSSION

"Upon the conviction of any person for a violation of subdivision (a) or (b), the court may, in addition to any other penalty or fine imposed, order the defendant to pay an additional fine not to exceed ten thousand dollars ($10,000)." (§ 288, subd. (e).) It is axiomatic that a court is bound to apply clear, unambiguous statutory language according to its terms. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1154.) A court acts outside its jurisdiction by imposing a statutorily unauthorized fine, and such error may always be corrected on appeal, despite a defendant's failure to object below. (*People v. Allen* (2001) 88 Cal.App.4th 986, 998, fn. 27.)

Here, defendant was convicted under section 288.7, subdivisions (a) and (b), and section 311.11, subdivision (a). It is clear that subdivision (e) of section 288 refers only to convictions under subdivisions (a) and (b) of that same statutory section, namely, section *288*; subdivision (e) does not mention any fines related to the statutory sections under which defendant was convicted, namely, sections *288.7* and *311.11*. Defendant's failure to object at the time of sentencing does not hinder our ability to correct this unauthorized fine.

The People concede the error and do not argue in opposition.

## DISPOSITION

The trial court is ordered to strike as unauthorized the $500 fine it purported to impose on defendant pursuant to subdivision (e) of section 288. The trial court is directed to amend the abstract of judgment accordingly and to forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.