Filed 3/30/16  P. v. Simard CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID SIMARD,<br><br>    Defendant and Appellant. | B259920<br><br>(Los Angeles County<br>Super. Ct. No. BA395034) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert C. Vanderet, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant David Simard (defendant) appeals from the judgment entered after his conviction of conspiracy and grand theft, raising only a sentencing issue. He contends that the trial court erroneously based penalty assessments and a surcharge upon the restitution fines imposed pursuant to Penal Code sections 1202.4 and 1202.44.[1] Defendant's contention is without merit as the record demonstrates that the penalty assessments and surcharge were not based upon the restitution fines, but properly based upon a fine imposed pursuant to section 672. We thus affirm the judgment.

## BACKGROUND[2]

Defendant and a codefendant were charged with 12 felonies, as follows: conspiracy to defraud another of property (count 1), in violation of section 182, subdivision (a)(4); three counts of grand theft of personal property (counts 2, 3, and 4), in violation of section 487, subdivision (a); one count of counterfeiting an official seal (count 5), in violation of section 472; four counts of forgery (counts 6, 7, 8, and 9), in violation of section 470, subdivision (d); two counts of preparing false documentary evidence (counts 10 and 11), in violation of section 134; and one count of procuring and offering a false or forged instrument (count 12), in violation of section 115, subdivision (a). As to each count, the information alleged that the value of the property taken exceeded $200,000 within the meaning of section 12022.6, subdivision (a)(2).

On motion of defendant pursuant section 1118.1 made at the close of the prosecution case at trial, the trial court dismissed counts 3 through 12, leaving counts 1 and 2 for the jury's determination. The jury found defendant guilty of both counts as charged. As to count 2, the jury found true the allegation that the value of the property exceeded $200,000.

On November 3, 2014, the trial court suspended imposition of sentence, and placed defendant on formal probation for five years. As a term and condition of

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    As defendant challenges only that part of his sentence which included a penalty assessment and surcharge, it is unnecessary to summarize the trial evidence.

2

probation the court ordered defendant to pay victim restitution to be determined, plus the following fines and fees: a restitution fine of $10,000; a probation revocation fine of $10,000, payable in the event of revocation of probation; a $30 criminal conviction fee; and a $40 court security fee. Defendant was also ordered to pay a "fine in the amount of $10,000 plus penalty assessments which is the max fine allowed for this crime."[3] The penalty assessment was computed later to be $24,000 and the surcharge to be $2,000, and both were included in the minute order.

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

Defendant contends that trial court was not authorized to impose penalty assessments or a surcharge upon the restitution fines imposed pursuant to sections 1202.4, subdivision (b), and 1202.44. Respondent agrees that restitution fines imposed pursuant to those sections are not subject to penalty assessments and surcharges. (See § 1464, subd. (a)(3)(A); *People v. McHenry* (2000) 77 Cal.App.4th 730, 733-734.) However, respondent contends that the penalty assessments and surcharge were not imposed upon the restitution fines, but rather imposed pursuant to section 672. Although neither the trial court nor the minutes named section 672 as authority for the fines, respondent argues that the following statement referred to that section: "He's to pay a fine in the amount of $10,000 plus penalty assessments which is the max fine allowed for this crime."

Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the

---

[3] Although the trial court suspended imposition of sentence, placed defendant on probation, and then recited the various fines and fees as conditions of probation, the court indicated that the terms and conditions applied to count 1; then the court corrected the order to clarify that "all the terms and conditions [originally] read are on count 2," and that count 1 would be stayed pursuant to section 654. Where imposition of sentence has been suspended, there is no sentence to be stayed, and section 654 is thus inapplicable. (*People v. Wittig* (1984) 158 Cal.App.3d 124, 137.) Thus, the fines, surcharges, and restitution were not imposed in relation to sentencing on a particular count.

3

court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."  "Many criminal statutes provide for the imposition of a base fine in addition to a jail or prison sentence.  [Citation.]  Where the criminal statute does not prescribe the base fine, section 672 authorizes the trial court to impose a fine. (*People v. Uffelman* (2015) 240 Cal.App.4th 195, 197.)  Here, as neither section 487, defining grand theft, nor section 489, setting the punishment for grand theft, prescribes a fine for violating section 487,[4] it was within the trial court's discretion to impose a $10,000 fine.  A fine imposed pursuant to section 672 is subject to penalty assessments and surcharges.  (See *People v. Allen* (2001) 88 Cal.App.4th 986, 988; §§ 1464, 1465.7; Gov. Code, § 76000.)  The trial court was authorized to impose the maximum fine allowed by law as a condition of probation.  (§ 1203.1, subd. (a).)

We are thus persuaded by respondent's argument that the court properly exercised its discretion to impose a $10,000 fine due to the violation of section 487, plus penalties and surcharges based upon that fine, and that the court did not impose penalties and surcharges upon the restitution fines.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:

_____, P. J.
BOREN

_____, J.
ASHMANN-GERST

---

[4]     Section 489 prescribes a fine only for a violation of section 487a.

4