Filed 9/8/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEVIN ALEXANDER UFFELMAN,<br><br>　　　　Defendant and Appellant. | C072479<br><br>(Super. Ct. No. SF11065) |

APPEAL from a judgment of the Superior Court of Nevada County, Thomas M. Anderson, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Kevin Alexander Uffelman pleaded guilty to burglary.  (Pen. Code, § 459).[1]  The trial court sentenced him to four years in state prison and ordered him to

---

[1]  Undesignated statutory references are to the Penal Code.

1

pay a "penal fine" of $735, comprised of a $200 fine pursuant to sections 672 and 1205 plus related penalty assessments.  Defendant contends the section 672 fine is unauthorized.  As we shall explain, we disagree and affirm the judgment.

We dispense with a recitation of background facts because they are not relevant to the contention raised on appeal.

## DISCUSSION

Many criminal statutes provide for the imposition of a base fine in addition to a jail or prison sentence.  (*People v. Sorenson* (2005) 125 Cal.App.4th 612, 617.)  Where the criminal statute does not prescribe the base fine, section 672 authorizes the trial court to impose a fine.

Section 672 provides:  "Upon a conviction for any crime punishable by imprisonment in any jail or prison, *in relation to which no fine is herein prescribed*, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."  (Italics added.)  Section 672 applies to all crimes, not just those set forth in the Penal Code.  (*People v. Shah* (1949) 91 Cal.App.2d 716, 721.)

Defendant argues that because section 1202.5 prescribes a mandatory $10 fine for conviction of burglary and other theft offenses, the catch-all provisions of section 672, which apply only where no fine is prescribed for an offense, do not apply in his case.  Adhering to our decision in *People v. Allen* (2001) 88 Cal.App.4th 986, 999 (*Allen*) and related authorities, we shall affirm.

Section 1202.5 provides:

"(a) In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed.  If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be

2

reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability.  In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution.

"(b)(1) All fines collected pursuant to this section shall be held in trust by the county collecting them, until transferred to the local law enforcement agency to be used exclusively for the jurisdiction where the offense took place.  All moneys collected shall implement, support, and continue local crime prevention programs.

"(2) All amounts collected pursuant to this section shall be in addition to, and shall not supplant funds received for crime prevention purposes from other sources.

"(c) As used in this section, 'law enforcement agency' includes, but is not limited to, police departments, sheriffs departments, and probation departments."

Introduced in 1985, section 1202.5 was enacted because the existing law did not require courts to order convicted defendants to "pay an additional fine[,] with all moneys collected from those fines to be used for local crime prevention programs."  (Legis. Counsel's Dig., Sen. Bill No. 347 (1985-1986 Reg. Sess.) 4 Stats. 1985, Summary Dig., p. 483; see Stats. 1985, ch. 1321, § 1, p. 4597.)  The clear intent of section 1202.5 is to provide for an *additional* $10 penalty when a person is convicted of specified theft crimes, to be spent exclusively on crime prevention, so as to provide a funding source for local crime prevention programs.  (Legis. Counsel's Dig., Sen. Bill No. 347, *supra*, 4 Stats. 1985, Summary Dig., p. 483; § 1202.5; Stats. 2000, ch. 399, § 1, p. 3000; see also Sen. Com. on Pub. Safety, Analysis of Assem. Bill No. 1840 (1999-2000 Reg. Sess.) as amended Mar. 20, 2000, hearing date June 13, 2000; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1840 (1999-2000 Reg. Sess.) as amended Aug. 18, 2000, p. 2.)

The applicability of section 672 to crimes set forth in section 1202.5 is directly analogous to the statutory questions addressed in *People v. Clark* (1992) 7 Cal.App.4th 1041 (*Clark*). There, the appellate court rejected the defendant's contention that because Health and Safety Code section 11377 authorized a fine of up to $70 "[*i*]*n addition to any fine assessed under subdivision (b)*" for his possession of methamphetamine offense,[2] no further fine could be assessed under section 672. (*Clark*, at pp. 1045-1046.) Since subdivision (b) of section 11377 provided for punishment only as a misdemeanor and did not provide for any other fine, *Clark* reviewed the legislative history of section 11377 to assess the Legislature's intent. (*Clark*, at pp. 1045-1046.) The legislative history demonstrated that the purpose of the bill was to authorize the judge to assess a fine of $70 *in addition to* any other fine imposed for the specified offenses, for purposes of funding an AIDS education program. As the court noted, "nothing in [the applicable Assembly Bill] suggests that the Legislature contemplated the $70 fine as a substitute for other authorized fines. Rather, the legislative history reveals that the Legislature intended

---

[2] At that time, section 11377 provided, in relevant part:

  "(a) [E]very person who possesses any controlled substance . . . , shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison.

  "(b) Any person who violates subdivision (a) by unlawfully possessing a controlled substance specified in subdivision (f) of Section 11056 [certain anabolic steroids and chorionic gonadotropins], and who has not previously been convicted of such a violation involving a controlled substance specified in subdivision (f) of Section 11056, is guilty of a misdemeanor.

  "(c) *In addition to any fine assessed under subdivision (b), the judge may assess a fine not to exceed seventy dollars ($70) against any person who violates subdivision (a)*, with the proceeds of this fine to be used in accordance with Section 1463.23 of the Penal Code [AIDS education program]. The court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision." (Stats. 1991, ch. 294, § 2, pp. 1825-1826, italics added.)

to create a separate funding source through the court's discretionary imposition of the $70 fine for the establishment of AIDS education programs.  The $70 fine is expressly intended to be additional to any fines the court may impose for the specified offenses." (*Id*. at p. 1046.)  Consequently, the imposition of both the section 672 fine and the Health and Safety Code section 11377 fine was permissible.  (*Clark*, at p. 1046; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518, fn. 2.)

For the same reasons, the imposition of both the section 672 fine and the section 1202.5 theft fine is permissible here.  Nothing in the legislative history suggests that the Legislature contemplated the $10 fine as a *substitute* for other authorized fines.  As with the $70 Health and Safety Code section 11377 fine, the $10 theft fine in section 1202.5 was clearly expressed (both in the legislative history and the language of the statute) to be *in addition to* other fines or penalties imposed, and it is to be collected to fund specific programs related to the type of crime the defendant committed.

Defendant attempts to distinguish *Clark* based on the fact that, unlike the "discretionary" fine in Health and Safety Code section 11377, the fine in section 1202.5 is "mandatory."  Similarly, defendant insists that our decision in *Allen*, *supra*, 88 Cal.App.4th at page 999, quoting the punishment provisions of the burglary statute and concluding that no fine is prescribed, was undermined by the subsequent amendment of section 1202.5 to make the fine mandatory.

Defendant offers distinctions without a difference.  Both the fine imposed by Health and Safety Code section 11377 and the fine imposed by section 1202.5 are to be imposed by the court after the court considers the defendant's ability to pay.  The fact that the fine in section 1202.5 is mandatory does not automatically transmute it into the fine *prescribed* for the offense so as to foreclose a fine under section 672.  The amendment of the statute in 2000, following our decision in *Allen*, to make the fine mandatory does not alter our earlier analysis and conclusion that no fine is prescribed for burglary.

Likewise, defendant's attempt to rely on *People v. Breazell* (2002) 104 Cal.App.4th 298 (*Breazell*) is misplaced. In *Breazell*, the defendant was convicted of possessing cocaine base for sale. The court imposed two separate fines on that conviction—one under section 672 and another under Health and Safety Code section 11372, which authorized fines of up to $20,000 for persons convicted of the defendant's offense. The appellate court concluded that since Health and Safety Code section 11372 provided for a base fine, the fine imposed under section 672 for the same offense was unauthorized, because section 672 included a limiting provision that "was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*Breazell*, at p. 304.) It was not of any moment that "the offense and the associated fine [were] not defined in the Penal Code." (*Ibid.*)

Here, in contrast to *Breazell*, there is no concern that two *base fines* were imposed—one under section 672 and another under a generally applicable base fine provision. The trial court imposed only one base fine for defendant's burglary conviction. Defendant's reliance on *Breazell* for the proposition that a fine pursuant to section 672 is prohibited if another statute "authorizes" a fine for the offense overstates the holding. The fact that other statutes may authorize various types of fines for the offense at issue is not dispositive. A fine pursuant to section 672 is nonetheless permitted as long as no base fine for that offense is otherwise "prescribed." (§ 672.) Section 1202.5 simply does not prescribe a base fine for the listed offenses so as to foreclose a fine under section 672. (See *Clark*, *supra*, 7 Cal.App.4th at pp. 1045-1046.)

Finally, to preclude a section 672 fine as defendant argues, one would have to construe section 1202.5 as "prescribing" a base fine for burglary as well as the other theft offenses listed therein, which include robbery, carjacking, forgery, grand theft, petty theft, and vandalism. Construing the statutes this way would lead to any number of absurd results. It would limit the trial court to the imposition of a $10 fine for robbery, carjacking, and burglary but permit it to impose up to $1,000 for misdemeanor receiving

6

stolen property (§ 496) and misdemeanor theft from an elder (§ 368, subd. (d)(2)) because these less egregious theft crimes are not listed in section 1202.5.  The theft of a vehicle (Veh. Code, § 10851) could result in a $5,000 fine, but carjacking would be limited to a $10 fine because it is listed in section 1202.5 and the offense does not specify any other fine (§ 215).  Likewise, fines of up to $5,000 for grand theft and $1,000 for petty theft would be permitted because the statutes for these offenses provide for them (§§ 489, 490), but the court would be limited to imposition of a $10 fine for robbery because it, too, is listed in section 1202.5 and the offense does not specify any other fine (§ 213).  We decline to construe the statutory scheme to provide for such inequitable and absurd results.  (*Silver v. Brown* (1966) 63 Cal.2d 841, 845 [literal meaning of words of statute may be disregarded to avoid absurd results or give effect to manifest purpose in light of legislative history and statutory provisions as a whole]; accord, *Rehman v. Department of Motor Vehicles* (2009) 178 Cal.App.4th 581, 586, 588.)

In sum, we hold that the $10 theft fine provided for in section 1202.5 does not "prescribe the fine for burglary" so as to prohibit the imposition of a fine pursuant to section 672.

## DISPOSITION

The judgment is affirmed.

                                                          RAYE          , P. J.

We concur:

          BUTZ          , J.

          HOCH          , J.

7