Filed 4/26/16  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079927 |
| v. | (Super. Ct. Nos. CM042609, CM042831) |
| MATTHEW DEAN BAKER, | |
| Defendant and Appellant. | |

Defendant Matthew Dean Baker pleaded no contest to grand theft of personal property exceeding $950 in one case, and pleaded no contest to vehicle theft in another case.  The trial court sentenced him to five years eight months in prison and ordered him

1

to pay an $850 fine in each case pursuant to Penal Code section 672,[1] which authorizes a fine when no other fine is prescribed. The trial court added that the fines included penalty assessments, but it did not specify the assessments. The abstract of judgment reflects the $850 fines but does not identify any penalty assessments.

The People now claim we lack jurisdiction because defendant filed an untimely notice of appeal. We disagree. As for defendant's contentions, he argues the trial court erred in imposing the section 672 fine for the grand theft offense because the court also imposed a fine pursuant to section 1202.5, subdivision (a). But as defendant acknowledges, his contention is contrary to a prior decision of this court, and we decline his invitation to reconsider that holding. Defendant also contends the trial court erred in failing to specify the statutory authority for the penalty assessments. The People agree. We will remand the matter so that the trial court can specify the statutory authority for the penalty assessments.

Although not raised by the parties on appeal, our review of the record indicates that the $850 fine on the vehicle theft conviction was not authorized under section 672, but instead is authorized pursuant to Vehicle Code section 10851, subdivision (a). Because the law appears clear, we will modify the judgment without further briefing and in the interests of judicial economy to provide that the $850 fine on the vehicle theft conviction in case No. CM042831 is pursuant to Vehicle Code section 10851, subdivision (a). Any party aggrieved may petition for rehearing. (Gov. Code, § 68081.)

BACKGROUND

A recitation of the underlying facts is unnecessary in view of the contentions on appeal. It is sufficient to note that in case No. CM042609, defendant pleaded no contest to grand theft of personal property exceeding $950. (§ 487, subd. (a).) And in case

---

[1] Undesignated statutory references are to the Penal Code.

2

No. CM042831, he pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)) and admitted committing the felony while released on his own recognizance (§ 12022.1). Defendant entered his pleas and admission in exchange for the stipulated maximum sentence of five years eight months and the dismissal of the remaining counts and allegations.

Consistent with the plea agreement, the trial court sentenced defendant to the upper term of three years for the grand theft, a consecutive one-third the midterm or eight months for the vehicle theft, and two years for the enhancement. The trial court also ordered defendant to pay "a fine of $850 pursuant to [section] 672 for Count 1 in each case" and indicated that the fines include penalty assessments. But the trial court did not specify the assessments. The abstract of judgment reflects the $850 fine pursuant to section 672 in each case but does not identify any penalty assessments.

Defendant appeals in both cases.

DISCUSSION

I

The People claim we lack jurisdiction because defendant filed an untimely notice of appeal. They say he filed on the 61st day.

Defendant's notice of appeal was filed in the superior court on Monday, August 3, 2015. California Rules of Court, rule 1.10(b) provides: "Unless otherwise provided by law, if the last day for the performance of any act that is required by these rules to be performed within a specific period of time falls on a Saturday, Sunday, or other legal holiday, the period is extended to and includes the next day that is not a holiday." Defendant's notice of appeal was timely under that rule. Moreover, it appears defendant personally prepared his notice of appeal and signed it on July 30, 2015, while he was incarcerated. The "prison delivery rule" may also be applicable. (Cal. Rules of Court, rule 8.25(b)(5); *In re Jordan* (1992) 4 Cal.4th 116, 130.) We will address defendant's appellate contentions.

3

## II

Defendant argues the trial court erred in imposing the section 672 fine for the grand theft offense because the court also imposed a fine pursuant to section 1202.5, subdivision (a). He acknowledges, however, that this court rejected the same argument in *People v. Uffelman* (2015) 240 Cal.App.4th 195. Nevertheless, defendant asks us to reconsider that decision. But defendant does not present a persuasive reason for reconsidering the issue and we decline to do so. Based on *Uffelman*, defendant's contention lacks merit.

## III

In addition, defendant claims the trial court erred in failing to specify the statutory authority for the penalty assessments. The People agree and we do too. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) We will remand the matter so that the trial court can specify the statutory authority for the penalty assessments.

## IV

We also note that the $850 fine on the vehicle theft offense in case No. CM042831 was unauthorized under section 672 but was authorized under Vehicle Code section 10851, subdivision (a), which specifies that the felony offense is punishable "pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." Vehicle Code section 10851, subdivision (a) specifies a base fine; thus, section 672, which authorizes a fine when no other fine is prescribed, is not applicable. (*People v. Uffelman, supra,* 240 Cal.App.4th at p. 201; *People v. Breazell* (2002) 104 Cal.App.4th 298, 304.) We will modify the judgment to articulate the statutory authority for the base fine imposed on the vehicle theft offense.

## DISPOSITION

The judgment is modified to provide that the $850 fine for defendant's violation of Vehicle Code section 10851, subdivision (a) in case No. CM042831 is pursuant to

4

Vehicle Code section 10851, subdivision (a).  Both cases are remanded to the trial court to specify the statutory authority for each penalty assessment imposed on the two $850 fines.


                                                        _____/S/_____
                                                        Mauro, Acting P. J.



We concur:



_____/S/_____
Murray, J.



_____/S/_____
Hoch, J.