Filed 5/19/21  P. v. Molina CA4/1
Opinion following rehearing

OPINION ON REHEARING

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077214 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD284413) |
| LINZEY NEAL MOLINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed in part; reversed in part and remanded with directions.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Kathryn Kirschbaum and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Linzey Neal Molina pled guilty to a single count of carrying a concealed dirk or dagger in violation of Penal Code section 21310 and was granted three years of formal probation. As a condition of probation, the court imposed a requirement that Molina submit his computers, recordable media, and electronic devices "to search at any time with or without a warrant, and with or without reasonable cause." The trial court also imposed various fines, fees, and assessments.

On appeal, Molina contends—and the Attorney General concedes—the probation condition requiring him to submit to searches of his electronic devices is invalid. He further contends the trial court erred when it imposed various fines and fees without first holding an ability to pay hearing. We agree the electronics search condition is invalid under *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*). We therefore reverse the judgment and remand with directions to strike the electronics search condition and consider whether a more narrowly tailored or alternative condition would be reasonable. On remand, Molina may also object to the fines and fees based on his alleged inability to pay.

Before his appeal became final, Molina filed a petition for rehearing arguing he is entitled to a reduction of his three-year probation term under recently enacted Assembly Bill No. 1950 (Assembly Bill 1950), which amended Penal Code section 1203.1 to limit felony probation to a maximum term of two years, absent circumstances not applicable here. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.) We agree that Assembly Bill 1950 applies retroactively to Molina's case. Because we are remanding with respect to the electronics search condition, we direct the trial court on remand to apply Assembly Bill 1950 consistent with the views expressed in this opinion.

FACTS

In December 2019, San Diego police officers responded to "a disturbance of trespassing." Officers arrived at the property and detained Molina. When they patted him down, officers found a 12-inch knife concealed in his shorts.

Molina pled guilty to one count of carrying a concealed dirk or dagger in violation of Penal Code section 21310.

A probation officer's report was prepared for sentencing. Molina told the probation officer that, between 2012 and 2018, when he was living in Arizona, he was employed in construction. Prior to being arrested in San Diego, Molina worked part-time for a recycling plant or recycling center where he was paid " 'under the table,' " and he also often worked as a " 'day labor[er]' for anyone that would hire him for the day." Molina reported that he had been living in his car since February 2019. The probation officer recommended imposing as a condition of probation the requirement that Molina submit his computers and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by a probation or law enforcement officer.

In January 2020 at Molina's sentencing hearing, his counsel stated that "employment is something that is important" to Molina's success on probation and acknowledged that Molina is homeless. Counsel subsequently asked the court to stay any fines imposed, emphasizing that "finances . . . will be difficult." Counsel then requested that the court "set payments at $35 a month to start within six months of being released from custody." Counsel also objected to the proposed electronics search condition on the basis that there was "no nexus" to the crime.

3

The trial court suspended the imposition of sentence and granted Molina three years of formal probation on various terms and conditions. As relevant to this appeal, the court imposed a probation condition requiring Molina to submit his computers and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by a probation officer or law enforcement officer. The court expanded the requirement to include all electronic devices and pass codes with the exception of medical and financial records.[1] The trial court indicated it wanted to ensure "that Probation has all the tools to be able to guide [Molina] with a successful completion of probation based on his past."[2]

## DISCUSSION

### I.

*Electronics Search Condition*

Molina contends the trial court abused its discretion when it imposed the probation condition which required him to submit computers and recordable media including electronic devices to search at any time. The Attorney General concedes that the search condition should be modified to exclude reference to computers and recordable media including electronic devices.

We review probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) "Trial courts have wide latitude to

---

[1]  Molina's probation order indicates that this "[s]earch authorization does not extend to medical/legal information, financial accounts or transactions, or to any data created before the acceptance of this probation grant."

[2]  The trial court also imposed various fines and fees, discussed *post*.

4

impose conditions consistent with the twin aims of probation:  rehabilitation of the defendant with minimal risk to the community." (*People v. Cota* (2020) 45 Cal.App.5th 786, 789 (*Cota*); see Pen. Code, § 1202.7.)  Probation conditions must be reasonable.  (*Cota*, at p. 789; see Pen. Code, § 1203.1, subd. (j).)  A probation condition will be upheld as reasonable unless it meets all three criteria set forth in *People v. Lent* (1975) 15 Cal.3d 481:  it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P., supra,* 7 Cal.5th at p. 1118.)

The parties do not dispute that the electronics search condition here satisfies the first two *Lent* criteria.  There is no relationship between electronic devices subject to the search condition and the crime of carrying a concealed dirk or dagger, and using electronic devices is not inherently criminal.  Therefore, the condition can survive review only if it regulates conduct that is reasonably related to future criminality.  In *Ricardo P.*, our Supreme Court clarified that an electronics search condition is not reasonably related to a defendant's future criminality if it disproportionately burdens his privacy interest without specific and substantial justification. (*Ricardo P., supra,* 7 Cal.5th at p. 1126.)  The court emphasized that "requiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Ibid.*)  Here, the court imposed a broad electronics search condition, but the only justification offered was that the court wanted to ensure "that Probation has all the tools to be able to guide [Molina] with a successful completion of

5

probation based on his past."[3]  This justification is general and nonspecific, not substantial and particularized.  (*Ibid.*; see *Cota*, *supra*, 45 Cal.App.5th at p. 791 [absent a case-specific rationale, mere convenience in monitoring a probationer's conduct is insufficient to justify application of an electronics search condition].)  The record here contains no indication that Molina used or will use electronic devices in connection with the crime for which he was convicted:  carrying a concealed weapon.  (*Ricardo P.*, at p. 1116.)  The electronics search condition thus meets all of the *Lent* criteria and is unreasonable.

We therefore reverse the judgment and remand the matter to the trial court with directions to strike the electronics search condition.  On remand, the court may consider whether to impose a more narrowly drawn or alternative condition consistent with this opinion and *Ricardo P.*  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1124; see *Cota*, *supra*, 45 Cal.App.5th at p. 791 [remanding "without prejudice to the People, who may demonstrate to the trial court with additional facts that a more narrowly drawn electronics search condition is proportionate to the burden on [defendant's] privacy interest"].)  We express no opinion on whether a more narrowly drawn search condition would be valid.  The trial court should address that issue in the first instance after hearing from both parties.

## II.

### *Fines and Fees*

As noted, the trial court imposed various fines and fees, including a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $40 court operations

---

[3]  The trial court noted that Molina had "five pages' worth of a criminal history," and although "not many of them are serious crimes, . . . they all have to do with his excessive drinking."

6

assessment (Pen. Code, § 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $154 criminal justice administration fee (Gov. Code, § 29550.1), and a $30 county collection fee (Pen. Code, § 1202.4, subd. (l)). The trial court also imposed and stayed a fine for Molina's conviction, but reduced the amount imposed from the $820 recommended by probation to $400.[4]  The court ordered Molina to pay the fines, fees, and assessments at a rate of $35 per month beginning 90 days after sentencing.

Molina does not challenge the restitution fine.[5]  However, he relies on cases discussing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) to contend that imposition of nonpunitive fees and assessments without first determining his ability to pay them violates the due process and equal

---

[4]     We infer the trial court imposed this base fine pursuant to Penal Code section 672's catchall fine provision.  (See *People v. Uffelman* (2015) 240 Cal.App.4th 195, 197 ["Where the criminal statute [for a specific offense] does not prescribe the base fine, [Penal Code] section 672 authorizes the trial court to impose a fine."].)  It is not clear whether the court also imposed a state surcharge and penalty assessment in addition to a base fine for Molina's conviction.  (See Pen. Code, §§ 1464, 1465.7, subd. (a).)

[5]     The Attorney General makes several arguments in favor of the imposition of the restitution fine, but because Molina does not challenge the restitution fine, we do not need to address these arguments.

protection clauses of the Fourteenth Amendment.[6]  He further contends imposition of the $400 conviction fine without holding an ability to pay hearing violates the Eighth Amendment's excessive fines clause.  Finally, he contends the imposition of the nonpunitive fees and assessments as a condition of probation violates due process principles because their nonpayment could lead to his incarceration.

The Attorney General states that "respondent does not seek to uphold the imposition of [nonpunitive] assessments on those who have no ability to pay them."[7]

In *Dueñas*, the court observed that "[i]mposing unpayable fines on indigent defendants is not only unfair, it serves no rational purpose, fails to

---

[6]    The criminal justice administration fee (Gov. Code, § 29550.1), court facilities assessment (*id.*, § 70373), and court operations assessment (Pen. Code, § 1465.8) are nonpunitive assessments.  (*People v. McCullough* (2013) 56 Cal.4th 589, 598 (*McCullough*) [criminal justice administration fee (Gov. Code, § 29550.1), is nonpunitive], *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111-1112 [court facilities assessment under Gov. Code, § 70373 is nonpunitive]; *People v. Alford* (2007) 42 Cal.4th 749, 756-759 [court operations assessment under Pen. Code, § 1465.8 is nonpunitive].  Similarly, the county collection fee is an administrative fee to cover the actual costs of collection associated with the restitution fine.  (Pen. Code, § 1202.4, subd. (l).)

[7]    The Attorney General contends in passing that the imposition of nonpunitive assessments here was harmless beyond a reasonable doubt (see *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035 [analyzing *Dueñas* error under *Chapman v. California* (1967) 386 U.S. 18, 24]) because they amount to only $254.  The trial court, which was aware of Molina's homelessness, imposed the statutory minimum restitution fine and substantially reduced the amount of the conviction fine proposed by probation.  Because the case is being remanded, Molina may attempt to persuade the trial court that he has a meritorious claim regarding the remaining fines and fees at issue.  We express no opinion on the merits of his claim, and we need not address the Attorney General's harmless error argument.

further the legislative intent, and may be counterproductive." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1167.) The court therefore held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Id*. at p. 1164.)

*Dueñas*'s validity is unsettled, and some courts have disagreed with its legal analysis and conclusions. (See, e.g., *People v. Son* (2020) 49 Cal.App.5th 565, 577; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038 (conc. opn. of Benke, J.); *People v. Kopp* (2019) 38 Cal.App.5th 47, 94, 96 (*Kopp*), review granted Nov. 13, 2019, S257844; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946.) In *Kopp*, our Supreme Court articulated the following issues for review: "(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding defendant's inability to pay?"

Both Molina and the Attorney General distinguish the punitive conviction fines from the nonpunitive assessments. Molina contends the $400 conviction fine, which is punitive in nature, should be analyzed under the Eighth Amendment to the federal Constitution. We agree it is appropriate to evaluate such claims under the Eighth Amendment. "[B]ecause these fines are intended to punish defendants, we agree with the People that a defendant should challenge such fines under the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution. Put differently, there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it."

9

(*Kopp, supra*, 38 Cal.App.5th at pp. 96-97, review granted.) Even under the Eighth Amendment analysis, ability to pay is one of the four factors courts must consider in assessing whether a punitive fine is disproportionate to defendant's offense and therefore unconstitutionally excessive. (*Id.* at p. 97, citing *United States v. Bajakajian* (1998) 524 U.S. 321, 337-338 and *People ex. rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.) The other factors are the defendant's culpability, the relationship between the harm and the penalty, and the penalties imposed in similar statutes. (*Kopp*, at p. 97.)

Because the matter must be remanded to the trial court to address the electronics search condition, and because the question of whether a court must consider a defendant's ability to pay before imposing fines, fees, and assessments is currently pending before our Supreme Court, we conclude Molina may request an ability to pay hearing on remand.[8] We express no opinion on the ultimate merits of Molina's claims, other than to note that Molina "bears the burden of proving an inability to pay" (*Kopp, supra*, 38 Cal.App.5th at p. 96, review granted; accord, *People v. Santos* (2019) 38 Cal.App.5th 923, 934; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490) and "the trial court should not limit itself to considering only whether [Molina has] the ability to pay at the time of the sentencing hearing." (*Kopp*, at p. 96; see *People v. Staley* (1992) 10 Cal.App.4th 782, 783 [" '[A]bility to pay' . . . does not require existing employment or cash on hand. Rather, a

_____

8    The Attorney General contends that Molina either forfeited his ability to pay claims or invited error by proposing a delayed payment plan. Because this case is being remanded for the reasons stated, we decline to hold that Molina's claim is forfeited or otherwise barred. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [reviewing courts have discretion to excuse forfeiture].)

determination of ability to pay may be made based on the person's *ability to earn* where the person has no physical, mental or emotional impediment which precludes the person from finding and maintaining employment once his or her sentence is completed."].)

Finally, the Attorney General concedes that the imposition of nonpunitive fees and assessments as a condition of probation is unauthorized, and the fees and assessments issued here should have been imposed as a separate order entered at judgment. We agree. These nonpunitive fees are not properly imposed as a condition of probation but may be imposed pursuant to a separate court order at the time of sentencing. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402-1403 [nonpunitive fees that are collateral to defendant's crime and punishment may not be imposed as a condition of probation], disapproved on another ground in *McCullough, supra*, 56 Cal.4th at p. 599.) On remand, the court should impose any nonpunitive fees and assessments in a separate order entered at judgment.

## III.

### *Assembly Bill 1950*

When Molina was sentenced, the trial court had discretion to order probation "for a period of time not exceeding the maximum possible term of the sentence" or, where the maximum possible term was five years or less, for a maximum of five years. (Former Pen. Code, § 1203.1, subd. (a).) Pursuant to that statute, the trial court placed Molina on probation for a period of three years. While this appeal was pending, the Legislature enacted Assembly Bill 1950, amending Penal Code section 1203.1, subdivision (a), to limit felony probation to a maximum period of two years, with exceptions not applicable here. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.) In March 2021, before his appeal was final, Molina filed a petition for rehearing, arguing the amended

11

statute is ameliorative and applies to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740, 745.  We granted Molina's request for rehearing to consider Molina's claim that the amendment should be applied retroactively to reduce his probation period from three years to two.

This court already has recently held that Assembly Bill 1950 applies retroactively to cases such as Molina's which were not yet final when the law went into effect.  (*People v. Sims* (2021) 59 Cal.App.5th 943, 959-961.)  Other courts have reached the same conclusion on the issue of retroactivity.  (See *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1073 (*Stewart*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 882-884.)  Consistent with *Sims*, we again conclude Assembly Bill 1950 applies retroactively to nonfinal cases like Molina's.

The Attorney General does not oppose the retroactive application of Assembly Bill 1950 to cases not yet final on appeal, but the parties disagree on the appropriate way to apply the amendment here.  Molina argues this court should reduce his probation to two years because the amended law no longer permits the three-year probationary period imposed by the trial court.  The Attorney General argues it is preferable to remand the case for the trial court to address compliance with Assembly Bill 1950 and to determine Molina's current status on probation.  This approach, the Attorney General contends, benefits the defendant because the trial court on remand can "adjust, modify, or strike probation terms, so that they can be complied with before termination of probation or removed from consideration of whether the

12

probation terminated successfully."[9] We need not determine whether remand is the appropriate remedy in all cases. Here, because we are remanding in connection with the electronics search condition, and because trial courts already have the authority to modify the terms of probation in accordance with specified procedural requirements (see §§ 1203.2 and 1203.3), the parties can file whatever motions they deem appropriate to update the trial court on Molina's status on probation. In considering any such motions, and even in the absence of any such motions, the trial court is directed to comply with Assembly Bill 1950 in imposing any period of probation. (§ 1203.1, subd. (a).)[10]

## DISPOSITION

We strike the portion of the probation order's search condition that refers to "computers, and recordable media including electronic devices." On

---

[9]     The Attorney General reasons that such adjustments will help the defendant if he seeks to expunge his record following completion of probation. "Under section 1203.4, when a defendant has 'fulfilled the conditions of probation for the entire probationary period' he or she 'is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed.' " (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1266.)

[10]     Citing *People v. Stamps* (2020) 9 Cal.5th 685, the Attorney General additionally contends the People should be allowed to withdraw from the plea agreement if "the negotiated provision of [Molina's] three-year probation period" is reduced. The Attorney General has failed to provide any cogent legal argument to support this claim where, as here, the plea agreement does not reflect any agreement on the length of the probationary period. Molina's plea form reflects he was not induced to enter the plea "by any promise or representation of any kind, except: Balance dismissed. NOLT [no opposition to local time.] Court indicates releasable to [residential reentry center] at sentencing." We therefore do not address the Attorney General's argument or the recent opinion in *Stewart* rejecting that argument. (See *Stewart*, *supra*, 62 Cal.App.5th at pp. 1074-1079.)

13

remand, the trial court may attempt to fashion a more narrowly drawn or alternative condition, consistent with this opinion. The trial court is further directed on remand to modify Molina's period of probation consistent with the amendments to Penal Code section 1203.1, subdivision (a), effective January 1, 2021. On remand, Molina may raise an objection to the fines, fees, and assessments imposed by the court based on his ability to pay. If the court imposes nonpunitive fees and assessments, it shall do so by separate court order and not as a condition of probation. In all other respects, the judgment is affirmed.


GUERRERO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.

14