Filed 11/4/21  P. v. Bradford CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYMOND BRADFORD,<br><br>    Defendant and Appellant. | F081464<br><br>(Kings Super. Ct. No. 19CM6042)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Sara E. Coppin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

* Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Raymond Bradford, a state prison inmate, was sentenced to two years after being convicted of battery upon correctional officers. On appeal, he contends the court improperly imposed a restitution fine and other fees without determining his ability to pay those amounts in violation of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTS

On April 11 and 12, 2019, defendant was inside his prison cell and threw fecal matter at two different correctional officers.

## PROCEDURAL BACKGROUND

On December 13, 2019, a complaint was filed in the Superior Court of Kings County charging defendant with counts 1 and 2, felony battery by a prisoner on a nonconfined person (Pen. Code, § 4501.5)[1], with three prior strike convictions.

**Plea**

On March 25, 2020, the court arraigned defendant on the complaint and granted his motion to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806.[2]

The court stated defendant's "out date" was 2027, and the prosecution had offered an aggregate term of two years for both counts.

Thereafter, defendant waived a preliminary hearing and pleaded no contest to both felony counts, and the court dismissed the prior strike convictions.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] In his appellate briefing, defendant states he was represented by appointed counsel at trial. At defendant's first appearance, however, he declined the court's appointment of counsel and instead moved to represent himself pursuant to *Faretta*. The court conducted the requisite hearing and granted the motion.

**Sentencing**

On the same day, defendant waived time, and the court sentenced him pursuant to section 1170.1, subdivision (c) since he had a prior in-prison offense. It imposed two consecutive terms of one year (one-third the midterm) for each count, for a total of two years in prison, to be served consecutively to the sentence he was already serving.

When the court took defendant's plea, it explained that it could impose a penal fine up to $10,000, and "my normal practice on a prison case is not to impose a penal fine, but if I did that, the state would add assessments and fees that would increase the amount you have to pay …." The court stated it was required to impose a restitution fine between $300 and $10,000, and other assessments.

The court imposed the statutory minimum restitution fine of $300 (§ 1202.4, subd. (b)) and stayed the parole revocation fine of $300 (§ 1202.45), and reserved victim restitution (§ 1202.4, subd. (f)).

The court also imposed court operations assessments of $80 (§ 1465.8, subd. (a)(1)) and criminal conviction assessments of $60 (Gov. Code, § 70373).

On or about May 20, 2020, defendant timely delivered his notice of appeal to prison authorities for delivery. On July 10, 2020, the superior court granted his request for a certificate of probable cause.[3]

---

[3] "The prison-delivery rule … provides that a self-represented prisoner's notice of appeal in a criminal case is deemed timely filed if, within the relevant period set forth in the California Rules of Court, the notice is delivered to prison authorities pursuant to the procedures established for prisoner mail. [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110, fn. omitted; Cal. Rules of Court, rule 8.25(b)(5).)

## DISCUSSION

**I.     Section 1237.2**

On appeal, defendant raises the single issue that the matter must be remanded for the trial court to determine whether he had the ability to pay the restitution fine and assessments imposed pursuant to *Dueñas*.

As a preliminary matter, we note defendant failed to request the trial court to address his challenges to the fines, fees, and assessments, as required by section 1237.2 and *People v. Hall* (2019) 39 Cal.App.5th 502.  Section 1237.2 states:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  *This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal*."  (Italics added.)

The primary purpose of section 1237.2 is to "encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments and fees that would otherwise be asserted on direct appeal," and the trial court retains jurisdiction to address a section 1237.2 request during the pendency of the direct appeal from the judgment of conviction.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1087, 1088; *People v. Hall, supra*, 39 Cal.App.5th at p. 504.)

"[S]ection 1237.2 broadly applies to an error in the *imposition or* calculation of fees," including the claim that the court failed to determine a defendant's ability to pay

4.

under *Dueñas*, and the failure to comply with the provision may result in dismissal of the appeal. (*People v. Hall, supra,* 39 Cal.App.5th at pp. 504, 505.)

"[W]hen a defendant raises at least one other issue on appeal, he or she need not first file a motion in the trial court to correct the imposition or calculation of penalty assessments or fines. Instead, he or she can include those claims with the other contentions raised in the appeal." (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141; *People v. Clark* (2021) 67 Cal.App.5th 248.)

While defendant represented himself at the plea and sentencing hearing, he was represented by appointed counsel on appeal who has raised only one issue – whether the matter must be remanded for an ability to pay hearing pursuant to *Dueñas*. Appellate counsel could have filed a section 1237.2 request during the pendency of this appeal, and the trial court retained jurisdiction to address such a request. There is no evidence in this record that such a request was made.

## II.     The Restitution Fine and Fees

We decline to dismiss the appeal because even if defendant had complied with section 1237.2, we disagree with the holding in *Dueñas* and find the matter need not be remanded on this issue.[4]

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[5]

---

[4] The People assert defendant forfeited appellate review of his *Dueñas* contentions because the sentencing hearing was held over a year after the ruling in that case and he failed to object. We decline to address forfeiture since defendant represented himself at the plea and sentencing hearing.

[5] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

On appeal, defendant argues the court's imposition of the operations and criminal conviction assessments was contrary to its statement that it would not impose any "penal fines." However, the court's reference to a penal fine was likely to section 672. Many criminal statutes provide for the imposition of a base fine in addition to a jail or prison sentence. (*People v. Sorenson* (2005) 125 Cal.App.4th 612, 617.) Defendant was charged and pleaded no contest to two counts of violating section 4501.5, which does not provide for imposition of a base fine. Where the criminal statute does not prescribe the base fine, the trial court has discretion under section 672 to impose a fine not exceeding $10,000 in a felony case. (*People v. Uffelman* (2015) 240 Cal.App.4th 195, 197; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1051.) If the court exercises its discretion to impose a base fine, it must also calculate a state surcharge and penalty assessment. (§§ 1464, 1465.7, subd. (a).) The court did not impose a base fine pursuant to section 672, consistent with its statements at the time of his plea.

In any event, even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless since defendant has the ability to pay the fines and fees imposed in this case. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094.) At the plea and sentencing hearing, the court stated that defendant was already serving a prison term until 2027, and then imposed two additional consecutive years for the instant case. There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during her prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

## DISPOSITION

The judgment is affirmed.