Filed 5/16/23  P. v. Fahay CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080167 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD293356) |
| NICHOL RUIZ FAHAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Charles R. Khoury, Jr. and Leslie Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Nichol Ruiz Fahay was placed on formal probation after pleading guilty to possessing the personal information of another with intent to defraud. (Pen. Code,[1] § 530.5, subd. (c)(2).) Fahay challenges two conditions of her probation. First, she contends the electronic search condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad. Then, claiming she cannot pay the fines and assessments imposed, she seeks their stay pending the Supreme Court's resolution of *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844 (*Kopp*).[2] The People concede invalidity of the electronic search condition under *Lent* and urge us to conform Fahay's financial obligations to the court's oral pronouncement.

As we explain, the electronic search condition must be stricken under *Lent, supra,* 15 Cal.3d 481. (See *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121 (*Ricardo P.*).) But this is without prejudice to the trial court on remand considering whether a more narrowly drawn electronic search condition would be consistent with *Ricardo P.* Given our remand, we need not dwell on Fahay's claim that she lacked the ability to pay the punitive fines and nonpunitive assessments imposed. When the matter is returned to the trial court, Fahay can seek a hearing as to her ability to pay these amounts, and the trial court can apply relevant constitutional standards to evaluate her claim.

---

[1] Unless otherwise indicated, statutory references are to the Penal Code.

[2] The Supreme Court granted review in *Kopp* and related cases to decide the following issues: "(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding the defendant's inability to pay?"

FACTUAL AND PROCEDURAL BACKGROUND[3]

     David G. was at the public library making photocopies of his DMV paperwork. When he turned his back for a moment, Fahay quickly stole his documents and placed them in a white tote bag. David asked Fahay to return his papers, but she denied taking them and left. David followed her out the library, and police later apprehended Fahay in a nearby grocery store. After identifying her and learning of her active Fourth Amendment waiver, officers searched Fahay's tote bag and located unopened mail belonging to 15 different individuals. Arrested for possessing stolen mail, Fahay sought to explain by asserting that she could legally take mail once it had been placed in a recycling bin. Fahay had numerous prior convictions for identity theft.

     The San Diego County District Attorney charged Fahay with acquiring the personal identifying information of another while having a prior conviction for identity theft. (§ 530.5, subd. (c)(2).) Fahay pleaded guilty at her pretrial readiness, and the court found a factual basis for the plea. Suspending imposition of her sentence, the court placed Fahay on formal probation for two years subject to various terms and conditions. (§ 1203.1, subd. (a).) Specifically, Fahay was to serve 180 days in local custody with credit for the 45 days served and immediate eligibility for release to an approved program. As a separate condition of probation, Fahay was required to pay a total of $1,190 in fines and assessments, as we will later discuss. She was subject to warrantless search at any time, with the Fourth

---

[3]    Fahay pleaded guilty before preliminary hearing could take place, and she did not submit to an interview with the probation department. For context, facts about the incident are drawn from the police report cited in the probation report.

Amendment waiver extending to her computers, recordable media, and electronic devices.

Fahay appealed the probation order. (§ 1237, subd. (a).) She indicated that she challenged issues after the entry of the plea that did not question its validity. (Cal. Rules of Court, rule 8.304(b).) In waiving her right to appeal the sentence, Fahay did not waive the right to challenge particular conditions of probation that had yet to be determined at the time of the plea. (*People v. Patton* (2019) 41 Cal.App.5th 934, 942−943.)

DISCUSSION

Fahay challenges the portion of probation condition 6n that authorizes warrantless search of her electronic devices. She further requests a stay of all fines and fees pending the Supreme Court's resolution of *Kopp*. We address these contentions in turn and provide additional background for proceedings on remand.

A.     *The electronic search condition must be stricken, but remand is necessary to determine whether a narrower condition could be imposed.*

Defense counsel sought to strike the electronic search condition, questioning the nexus between electronic devices and this case. Opposing that request, the prosecutor noted that Fahay was caught with unopened mail containing personal identifying information of several individuals. Accepting this reasoning, the trial court extended the Fourth Amendment waiver in condition 6n to "all electronic devices and pass codes to those devices with the exception of medical and financial records." The probation order clarified that the waiver did not "extend to medical/legal information, financial accounts or transactions, or to any data created before the acceptance of this probation grant."

4

Fahay argues that the electronic search condition is unreasonable under state law and unconstitutionally overbroad.  The People concede that the condition is invalid under state law but claim there is no constitutional concern.  We agree with the parties that condition 6n is invalid under state law and must be stricken.[4]

Trial courts have broad latitude to impose reasonable conditions of probation (§ 1203.1, subd. (j)), and we review a challenged condition for abuse of discretion.  (*Ricardo P., supra,* 7 Cal.5th at p. 1118.)  Probation conditions will be upheld as reasonable unless they lack a relationship to the crime of conviction; relate to conduct that is not in itself criminal; and require or forbid conduct that is not reasonably related to future criminality.  (*Lent, supra,* 15 Cal.3d at p. 486; accord *Ricardo P.*, at pp. 1118–1119.)  To satisfy the third prong under *Lent*, "more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality" is required.  (*Ricardo P.*, at p. 1121.)  Thus in *Ricardo P.*, a generalized suspicion that minors use their phones and the internet to buy drugs and brag about drug use did not provide *reasonable* justification for an electronic search condition.  Given the weighty privacy interests at stake, such a condition could only be imposed where there was a "substantial and particularized justification."  (*Id.* at p. 1126.)

As the People suggest, "[t]he same concerns involved in *Ricardo P.* exist in this case."  Using an electronic device is not itself criminal.  On our sparse record, there is no basis to suggest Fahay used an electronic device in committing the offense or previously used electronic devices to engage in criminal activity.  An abstract relationship between the electronic search condition and preventing future criminal activity is not enough under the

---

[4]    This obviates the need to reach the constitutional question.

Supreme Court's rubric in *Ricardo P.* Accordingly, the portion of condition 6n authorizing warrantless search of Fahay's electronic devices meets all three criteria under *Lent* and must be stricken as unreasonable. Despite our conclusion, remand is appropriate to permit the People to demonstrate additional facts that would justify a more narrowly drawn electronic search condition. (See *People v. Cota* (2020) 45 Cal.App.5th 786, 791 (*Cota*) ["We do not foreclose the possibility that a narrower electronics search condition might be appropriate in this case based on facts that are not reflected in the current record."].)

B.    *On remand, Fahay can challenge her ability to pay any fines, fees, or assessments.*

Defense counsel requested "that the court stay all fines and fees, as Miss Fahay at the time of her arrest was unemployed and homeless and unable to have gainful employment." Based on these factors, she asked "the Court to find an inability to pay whatever balance is owed." Counsel further sought to reduce the monthly payment from $50 to $35 per month.

The court required Fahay to pay the following amounts as a condition of probation: an $820 conviction fine (§ 530.5, subd. (c)(2)),[5] a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code,

---

[5]    Section 530.5, subdivision (c)(2) specifies punishment "by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170." We infer that the court imposed an $820 conviction fine for this crime pursuant to the catchall provision found in section 672. (See generally, *People v. Uffelman* (2015) 240 Cal.App.4th 195, 197 ["Where the criminal statute does not prescribe the base fine, section 672 authorizes the trial court to impose a fine."].) Section 672 in turn defines a $1,000 maximum fine for misdemeanors and $10,000 fine for felonies.

§ 70373). Fahay was ordered to pay these amounts at a rate of $35 per month, with all "discretionary" amounts "stayed pending successful completion of probation." Despite this ruling, the written probation order set monthly payment at $50 per month starting 60 days after Fahay's release from custody and did not indicate that any amounts were stayed during the probationary term.

In *Dueñas*, Division Seven of the Second Appellate District held that as a matter of due process, a trial court is required to conduct an ability-to-pay hearing before imposing assessments for court facilities and court operations. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164 (*Dueñas*).) While section 1202.4 requires courts to impose a $300 restitution fine without considering a defendant's ability to pay, *Dueñas* reasoned that this fine could be imposed *but stayed* pending a determination on defendant's ability to pay. (*Dueñas,* at p. 1172.) A panel of this court later accepted the due process framework in *Dueñas* as to nonpunitive fees and assessments, but concluded that punitive fines and fees should instead be assessed under the excessive fines clause of the Eighth Amendment, which in turn considers a defendant's ability to pay as one of several factors. (*Kopp, supra*, 38 Cal.App.5th at pp. 95−98, review granted.) Division Four of the First Appellate similarly applied an Eighth Amendment analysis to evaluate a range of fines and fees. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 50, review granted June 17, 2020, S261952 (*Cowan*).)

Review remains pending in *Kopp* as to whether a trial court must constitutionally consider a defendant's ability to pay before imposing fines, fees, and assessments and, if it must, which party bears the burden to prove defendant's inability to pay. (See note 2, *ante.*) The Supreme Court has also granted review in related cases, including *Cowan*, which expanded on *Kopp's*

7

Eighth Amendment analysis, and *Hicks*, which rejected *Dueñas's* due process analysis outright. (*People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946; accord *Cota, supra,* 45 Cal.App.5th at p. 795.)

We agree with Fahay that "[c]iting *Dueñas* was unnecessary" to preserve her claim that she lacked the ability to pay the fines and assessments imposed. In asking the court to "stay all fines and fees" based on Fahay's employment and housing status and "find an inability to pay whatever balance is owed," counsel presumably relied on language in *Dueñas* directing the court to impose any mandatory fines but stay their *execution* pending a determination of defendant's ability to pay them. (*Dueñas, supra,* 30 Cal.App.5th at p. 1172.) Subsequent cases have remanded for an ability-to-pay hearing to decide whether such fines could be *imposed* in the first place. (See *Cowan, supra,* 47 Cal.App.5th at p. 50, review granted.) That Fahay's attorney appeared to rely on *Dueñas* rather than the Eighth Amendment does not forfeit her claim.

Fahay asks that we stay execution of the fines and fees pending the Supreme Court's resolution of *Kopp*. The People by contrast urge us to conform the written order to the court's oral pronouncement by staying the discretionary $820 conviction fine until Fahay completes probation, but otherwise requiring payment of the remaining fines and fees at $35 per month. We reject both proposed remedies to the issue raised.

Bearing in mind that this issue is pending Supreme Court review, and given our remand to permit evaluation of a narrower electronic search condition, we believe the appropriate course is to permit Fahay to request an ability-to-pay hearing on remand. If she does so, she will bear the burden of proving that she lacks the ability to pay the fines and assessments imposed.

8

(*Kopp, supra,* 38 Cal.App.5th at p. 96, review granted.)  We express no view as to the merits of such a claim if it is made, but note that the trial court may consider any relevant factors including her "housing status, mental illness or disability, receipt of government benefits, and realistic ability to earn . . . wages or obtain employment."  (*People v. Santos* (2019) 38 Cal.App.5th 923, 934.)

The analytical framework on remand will differ slightly as to the punitive fines (the $820 conviction fine and $300 restitution fines) and nonpunitive assessments (the $40 court operations assessment and $30 criminal conviction assessment).  Any ability-to-pay challenge as to the nonpunitive assessments proceeds under the due process framework, which precludes imposition unless a defendant has a present ability to pay.  (See *Kopp, supra,* 38 Cal.App.5th at pp. 95−96, review granted; *Dueñas, supra,* 30 Cal.App.5th at p. 1164.)  Because these fees are "collateral to a defendant's crimes [they] may not be made a condition of probation unless specifically authorized by statute."  (*In re David C.* (2020) 47 Cal.App.5th 657, 671.)  Instead, they may be imposed only by separate order as part of the judgment.  (See generally, *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402−1403.)

By contrast, any ability-to-pay challenge as to the punitive fines should be made under the Eighth Amendment's excessive fines clause.  (*Kopp, supra,* 38 Cal.App.5th at pp. 96−97, review granted.)  This framework considers a defendant's ability to pay as one of four factors in determining whether a punitive fine is unconstitutionally excessive.  (*Id.* at p. 97, citing *United States v. Bajakajian* (1998) 524 U.S. 321, 337−338 and *People ex. rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)  Other factors are Fahay's culpability, the relationship between the harm suffered and the penalty imposed, and the penalties imposed in similar cases.  (*Kopp*, at p. 97.)

To the extent any punitive fines and fees are imposed as a condition of probation, the court may indicate whether it intends to stay their execution during the probationary term as perhaps envisioned in the prior order. Argument as to the appropriate monthly payment can be directed to the trial court on remand.

## DISPOSITION

We strike the portion of condition 6n of the probation order permitting warrantless searches of Fahay's "computers, and recordable media including electronic devices" and remand to permit the trial court to consider whether a more narrowly drawn condition would be appropriate. On remand, Fahay may object to any fines, fees, and assessments imposed by the trial court based on her ability to pay. Nonpunitive assessments shall not be imposed as a condition of probation, and the court may determine whether to stay any punitive fines during the probationary term. In all other respects, the order is affirmed.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.

10